ALDERMAN, Justice.
The Florida Board of Bar Examiners proposes several amendments to the Rules of the Supreme Court of Florida Relating to Admissions to the Bar. It requests that article III, section 2, be amended to offer an additional method for withdrawal of an application with prejudice upon request of the applicant. It seeks amendment of article III, section 3, to notify applicants who have been served with specifications and who fail to answer or who refuse to agree to the scheduling of the formal hearing and *464 to provide a penalty for such conduct. It also proposes that article VI be amended to add a requirement for reinvestigation of the applicant’s character and fitness if the application for admission to the Bar has been on file over three years; that article V be amended to set a specific fee for reinvestigation; and that article VI, section 1, include language which reemphasizes the educational requirements which must be met before submitting to any part of the Bar Examination. The Board asks that these changes be made effective immediately upon order of this Court. We approve the foregoing amendments.
The Board also proposes that article VI be amended to eliminate the 25-month rule, to consolidate Parts A and B of the General Bar Examination into a two-day examination, requiring the applicant to submit to both portions of the examination with the pass/fail line set using the compensatory model. It proposes eliminating the multiple cut-off model and making the passing scaled score 262 for the consolidated General Bar Examination. It also proposes that the General Bar Examination must be successfully taken at an administration immediately preceding or following the successful completion of the Multistate Professional Responsibility Examination. We reject the Board’s proposal to modify article VI in this manner. We, however, do amend article VI, section 9(a) to eliminate the requirement that an applicant defer retesting for one year after having been unsuccessful in completing the General Bar Examination within 25 months. An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination within 25 months from first submitting to any portion of the examination in Florida, but an applicant will no longer have to wait until the passage of at least one administration of the General Bar Examination and the Multistate Professional Responsibility Examination from the close of the 25-month period.
We hereby adopt the following amendments to the Rules of the Supreme Court Relating to Admissions to the Bar. These rule changes will be effective immediately.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.
Article III, Section 2:
Section 2. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney. A-n- applicant may withdraw an application for admission to The ■F-Ioridar-Bar-at-any-timer provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion. No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen years.
(a) An applicant may withdraw an application for admission to The Florida Bar at any time; provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion.
(b) Alternatively, an applicant may withdraw with prejudice an application for admission to The Florida Bar. The Board shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to The Florida Bar.
Article III, Section 3:
Section 3. (a) Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness, and general qualifications of every applicant. In every *465 such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of not less than three members of the Board. Each division shall record its proceedings and shall report its decisions to the full Board.
(b) Following an investigative hearing, the Board may find that an applicant has established his or her qualifications as to character and fitness or that further investigation into an applicant’s character and fitness is warranted or that Specifications be filed charging an applicant with matters which if proven would preclude a favorable finding by the Board. If Specifications are prepared and served upon an applicant, the applicant shall file an answer to the Specifications within 20 days from receipt of the Specifications. If an applicant fails to file an answer to the Specifications within such time or within any extension of that time allowed by the Board, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
(c) After a timely answer to Specifications has been filed, the Board shall notify the applicant of the dates and locations available for the formal hearing on the Specifications and the applicant and the Board shall agree on a date and location for the hearing. If the applicant fails to agree on one of the dates and locations proposed by the Board, the Board shall set the date and location of the hearing. If the applicant,' without good cause, fails to attend the formal hearing, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
(b) (d) Formal hearings held in response to Specifications shall be conducted before a quorum of the Board which shall consist of not less than five members. Following the conclusion of a formal hearing held in response to Specifications as provided in subsection-a^ the Board shall expeditiously make its findings of fact and recommendations for or against the admission of an applicant. If sufficient time has not passed since the occurrence of the behavior described in one or more of the Specifications sustained to permit the Board to determine whether the applicant has established his or her qualifications and what recommendations the Board would make to the Supreme Court of Florida, the Board may petition the Supreme Court of Florida for a reasonable extension of time for further investigation, not to exceed one year after the conclusion of the formal hearing. If an extension is granted, the Board may continue its investigation or otherwise acquire such additional information as is needed to permit it to make its final decision. The applicant shall be notified of any petition for extension and shall be given an opportunity to show cause why the extension should not be granted. The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4(b).
Article IV, Section 2:
Section 2. The Board shall not recommend to the Court for admission any applicant whose Application for Admission to The Florida Bar has been on file for more than three years without reinvestigation into the applicant's character and fitness as necessary to bring the investigation to a *466 current status. The applicant shall be required to file a new Application for Admission to The Florida Bar answering each item for the period of time from the filing of the original application to the date of the filing of the new application stating current references and a fingerprint card which shall be accompanied by a fee of $200.00 as provided by Article V, Section 3 of the Rules.
Section 2, 3. ....
Section 3,4. ....
Section 4, 5. ....
Section §,6. ....
Section 6, 7. ....
Section 7, 8. ....
Section 8, 9. ....
Section 9, 10. ....
Section 46, 14. ....
Article V, Section 3:
Section 3. The application form described in Article IV, Section 2 shall be accompanied by a fee of $200,00,
Section 3, 4. ....
Section 4, 5. ....
Section 5, 6. ....
Section 6» 7. ....
Section 7, 8. _
Section 8, 9. ....
Section 9, 10. ....
Section 46, 11. ....
Section 44, 12. ....
Section 42, IF. ....
Section 43, M. ....
Section 44, 15. ....
Section 45, 16. ....
Section 46, 17. ....
Section 47, 18. ....
Section 43, 19. ....
Section 49, 20. ....
Section 20, 21. ....
Section 24, 22.
Article VI, Section 1:
Section 1. The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). An applicant may not submit to any portion of the Florida Bar Examination unless the undergraduate and law school educational requirements have been met pursuant to Article III, Section 1.

Article VI, Section 9(a):
Section 9. (a) An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months from first submitting to any portion of the examination in Florida. A* applicant who fails four times to pass any part of the Gener-al--Bar-Examination or who fails to pass both the-General Bar Examination and the MuItistateRrofessional — Responsibility—Examination—(MPRE) within 25 months shall be ineligible to sit for-any part of the examination until the passage-of-at least 1 administration of the General — Bar—Examination-and- the- Multi-state Professional-Responsibility-Examination (MPRE) from the close of the 25-month period. If the applicant does not do so, then, Aat the end of that period, the applicant must again successfully complete the General Bar Examination and the Multi-state Professional Responsibility Examination (MPRE) in their entirety regardless of whether a part has been successfully completed in the past.